**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Petitioner–Appellant,**

v.

**DEER VALLEY UNIFIED SCHOOL DISTRICT, Respondent–Appellee.**

No. 91–15800.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 13, 1992.

Decided June 30, 1992.

Paul D. Ramshaw, E.E.O.C., Washington, D.C., for petitioner-appellant.

Ernest Calderon, Jennings, Strouss & Salmon, Phoenix, Ariz., for respondent-appellee.

Before: CHOY, HUG and RYMER, Circuit Judges.

HUG, Circuit Judge:

The Equal Employment Opportunity Commission (EEOC) appeals from an award of attorney's fees to Deer Valley Unified School District (Deer Valley). The attorney's fees were awarded to Deer Valley because the EEOC had failed to comply with Local Rule 11(j) before the EEOC sought judicial enforcement of an administrative subpoena. Local Rule 11(j) requires parties to meet to discuss their dispute before filing any discovery motion. However, Local Rule 11(j) applies only to discovery motions and we hold that a subpoena enforcement action is not a discovery motion. Consequently, we reverse.

## I.

The Phoenix district office of the EEOC received two complaints alleging that Deer Valley had discriminated in hiring on the basis of age. Consequently, the EEOC conducted an investigation into Deer Valley's hiring policies and practices. During the investigation, the EEOC requested documents from Deer Valley that included employee lists, job applications, vacancy announcements, position descriptions and personnel files. Deer Valley complied voluntarily with five production requests, and also scheduled interviews with the EEOC for all of its key management personnel. In mid-April 1990, the EEOC requested additional information that included teacher contracts, recruitment documents, applicant lists, budgetary materials, and additional personnel files. At the time of this request, Deer Valley was undergoing contract negotiations with its staff.

By May 21, 1990, none of the documents requested in mid-April were delivered to the EEOC. At that time, the EEOC sent a letter to Deer Valley offering to assist the school district with its production effort. Deer Valley wrote back that it would not be able to comply until early July. However, Deer Valley was unable to produce all of the requested documents in early July as promised. The EEOC then issued an administrative subpoena on August 14, 1990 that listed one new category of documents along with the remaining six relevant categories from the ten requested in mid-April.

The administrative subpoena required production of the documents by August 28, which coincided with the start of the school year. Deer Valley did not comply. On September 5, 1990, the EEOC contacted Deer Valley by telephone and informed it that the EEOC would seek judicial enforcement of the subpoena. On September 10, Deer Valley produced some of the documents listed in the August subpoena. On September 28, the EEOC filed an application for judicial enforcement.

The district court held a brief hearing and concluded that the EEOC had not followed Local Rule 11(j), which required the parties to meet to discuss their dispute before filing in court. The EEOC contended that it did not need to follow Rule 11(j), but the district judge disagreed and refused to enforce the administrative subpoena. The parties then met and Deer Valley ultimately complied with the subpoena to the satisfaction of the EEOC. The EEOC then voluntarily dismissed its enforcement action. The district court granted the EEOC's request for dismissal, but also awarded Deer Valley $3,591.00 in attorney's fees as a consequence of the EEOC's violation of Rule 11(j). The EEOC appeals from this award of attorney's fees.

## II.

The EEOC argues that Local Rule 11(j) does not apply to subpoena en-

forcement actions. This is a question of law reviewed de novo. *See EPA v. Alyeska Pipeline Serv. Co.*, 836 F.2d 443, 445–46 (9th Cir.1988) (district court's determination of the proper scope of judicial inquiry in a subpoena enforcement action "is a question of law, reviewable de novo in this court").

Local Rule 11(j) reads as follows:

*Discovery motions generally.*

No discovery motion will be considered or decided unless a statement of moving counsel is attached thereto certifying that after personal consultation and sincere efforts to do so, counsel have been unable to satisfactorily resolve the matter.

D.Ariz.R. 11(j). The essential issue is whether the EEOC's application for enforcement of its subpoena is a "discovery motion" that requires the EEOC to comply with the certification requirements of Local Rule 11(j) before filing an application for enforcement of the subpoena. The district court found

no reason to treat a subpoena enforcement action such as this, which is in essence pre-litigation discovery, any differently from a more typical discovery request. Local Rule 11(j) is intended to save time and money for both the Court and all parties involved.

Memorandum and Order filed April 25, 1991 at 2.

The investigatory subpoena power of the EEOC is based on specific statutory authority, not on the general discovery provisions of the Federal Rules of Civil Procedure. The EEOC has express statutory authority to issue "subpoenas requiring the attendance and testimony of witnesses or the production of any evidence" during its investigations. 42 U.S.C. § 2000e–9, incorporating the provisions of 29 U.S.C. § 161(1). It is clear that the EEOC has the power to investigate charges of discrimination and to utilize the statutory subpoena power in doing so. *EEOC v. Children's Hosp. Medical Ctr.*, 719 F.2d 1426, 1428

(9th Cir.1983) (en banc); *EEOC v. Maryland Cup Corp.*, 785 F.2d 471, 476 (4th Cir.), *cert. denied*, 479 U.S. 815, 107 S.Ct. 68, 93 L.Ed.2d 26 (1986); 42 U.S.C. §§ 2000e–5(b); 2000e–8(a); 2000e–9.

Because this is not a form of discovery enabled by the Federal Rules of Civil Procedure, no "discovery motion" is required to enforce it. The EEOC brought an original action to enforce a statutorily authorized subpoena. It is significant to note that the comments to Fed.R.Civ.P. 45, which authorizes subpoenas in aid of discovery, specify that "[i]t does not apply to the enforcement of subpoenas issued by administrative officers and commissions pursuant to statutory authority. The enforcement of such subpoenas by the district courts is regulated by appropriate statutes." Fed.R.Civ.P. 45 advisory committee's notes.

The function of administrative investigatory subpoenas differs from that of the discovery provisions of the Federal Rules of Civil Procedure. The discovery provisions apply to actions that have already been filed with the court, and the parties are seeking to develop evidence for the action that is before the court.[1] The statutory subpoena authority, on the other hand, is designed for administrative investigations, which may or may not result in any further action before the district court. The enforcement is dependent upon the interpretation of statutory authority, not the interpretations of the discovery provisions of the Federal Rules of Civil Procedure. The Supreme Court stated in *United States v. Morton Salt Co.*, 338 U.S. 632, 70 S.Ct. 357, 94 L.Ed. 401 (1950), that an agency "has a power of inquisition … which is not derived from the judicial function. It is more analogous to the Grand Jury, which does not depend on a case or controversy for power to get evidence but can investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not." *Id.* at 642–43, 70 S.Ct. at 364.

---

1. An exception exists under Fed.R.Civ.P. 27 where a deposition can be taken to preserve testimony that may otherwise be lost. Even in this situation, the party seeking an order under that rule must represent in a verified petition that he expects to be a party to an action but is presently unable to bring it or cause it to be brought. Fed.R.Civ.P. 27(a)(1).

### III.

The commencement of an action to enforce the investigatory, administrative subpoena of the EEOC is not a "discovery motion" to which Local Rule 11(j) applies. It is a separate, statutorily authorized proceeding. There was no requirement to comply with Rule 11(j); therefore, the award of attorney's fees as a sanction for failure to comply with Local Rule 11(j) was error.

The order is REVERSED.